**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re Pramod Patel, | |
| Debtor. | Bankr. No. 19-08037 |
| | Chapter 7 |
| In re Ankit Shah, | |
| Debtor. | Bank No. 19- 08032 |
| | Chapter 7 |
| | Judge Jacqueline P. Cox |
| M S International, Inc., | |
| Plaintiff, | |
| v. | Adversary Proceeding 19-00740 (Consol. with Adversary Proceeding 19-00741) |
| Pramod Patel and Ankit Shah, | |
| Defendants. | |

**Memorandum Opinion on Motion for Summary Judgment (Dkt. 35)**

**I. Jurisdiction**

Federal district courts have original and exclusive jurisdiction of all cases under title 11, the Bankruptcy Code. 28 U.S.C. § 1334(a). The district courts may refer cases under title 11, and any or all proceedings arising under title 11 or arising in or related to a case under title 11, to the bankruptcy judges for their district. 28 U.S.C. § 157(a). The District Court for the Northern District of Illinois has referred its bankruptcy cases to the Bankruptcy Court for the Northern

District of Illinois. N.D. Ill. Operating Procedure 15(a).

Bankruptcy court have statutory authority to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) . . . and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). Core proceedings include determinations of the dischargeability of specific debts. 28 U.S.C. § 157(b)(2)(I).

## II. Background

M S International, Inc. ("MSI"), the Plaintiff in these consolidated adversary proceedings, seeks an exception to discharge due to the Defendants' conduct, alleged to be fraudulent and deceitful. In a lawsuit filed in 2018 in the Central District of California, District Judge James V. Selna entered a final judgment in the Plaintiff's favor.

The Plaintiff is a nationwide distributor of flooring, countertop, wall tile and hardscaping products. The Defendants, Debtors Pramod Patel and Ankit Shah, were employed by the Plaintiff in various customer service and sales positions from 2009 to 2017. After being entrusted with access to its computers and other business materials for purposes of conducting its business affairs, MSI alleges that the Defendants secured employment with one of its competitors, taking with them the Plaintiff's computer files and sources.

After certain matters were litigated in the 2018 lawsuit in federal court a default judgment was entered in the Plaintiff's favor on June 5, 2018, finding that the Defendants were liable to MSI for misappropriation of trade secrets, violation of California Penal Code section 502, violation of California Penal Code section 496, fraud and deceit and violation of section 17200, et seq., of the Unfair Competition Law, the California Business & Professions Code.

MSI argues that the doctrine of collateral estoppel should apply to the California District Judge's rulings and judgment to bar relitigation of the factual issues in these dischargeability matters. This court agrees.

### III. Summary Judgment

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, affidavits and admissions on file after discovery show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Sharf v. Sharf (In re Sharf)*, 2016 WL 3437523, * 1, (Bankr. N.D. Ill. June 20, 2016). Summary judgment is inappropriate if the evidence is such that a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party has to show that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed2d 265 (1986). If the moving party successfully meets its burden, the non-moving party has to demonstrate that there is a genuine dispute as to a material issue of fact. *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

Local Bankruptcy Rule 7056-2 requires that each party opposing a motion for summary judgment serve and file a memorandum of law and a concise response to the movant's statement of facts that contains a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon as well as a statement consisting of short numbered paragraphs of any additional facts that require the denial of summary judgment,

including references to the affidavits, parts of the record, and other supporting materials relied upon. This Rule is fatal to the Defendants' efforts herein; they rarely cited to the record or any facts at all in the joint statement they filed in response to MSI's statement of facts,.

IV. **Collateral Estoppel**

In many adversary proceedings where another court has entered judgment on a tort in issue res judicata - claim preclusion or collateral estoppel - issue preclusion could apply. Whether collateral estoppel principles of issue preclusion are governed by state or federal law depends on whether the judgment claimed as preclusive was entered by a state court or a federal court. Federal law on collateral estoppel applies because the 2018 judgment was entered by a federal court. Under federal law relitigation of an issue may be barred if "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *McCart v. Jordana (In re Jordana)*, 232 B.R. 469, 475-76 (10th Cir. B.A.P. 1999), *aff'd*, 216 F.3d 1087 (10th Cir. 2000); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331 (1979); *Herbstein v Bruetman*, 266 B.R. 676, 683 (N.D. Ill. 2001), *aff'd* 32 Fed.Appx. 158 (7th Cir. April 30, 2002).

Due process entitles every party to his "day in court." However, a "day" in court cannot be allowed to stretch into an interminable stay in court. In particular, due process does not entitle a party to litigate until he receives a favorable outcome. Noland, *Finding Fault with Default: New York Courts' Inconsistent Application of Issue Preclusion to Default Judgments*, 31 Cardozo L. Rev. 941 (2010).

Although bankruptcy courts determine whether or not a debt is dischargeable under 11 U.S.C. § 523, the doctrine of collateral estoppel may be invoked to bar relitigation of the factual issues underlying the determination of dischargeability. *Grogan v. Garner*, 498 U.S. 279, 284, n. 11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a))." *See Cora v. Jahrling (In re Jahrling)*, 514 B.R. 565, 570 (Bankr. N.D. Ill. 2014) *aff'd*, 530 B.R. 679 (N.D. Ill. 2015), *aff'd*, 816 F.3d 921 (7th Cir. 2016). *See Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987).

The issue of nondischargeability is a matter of federal law governed by the terms of the Bankruptcy Code. *Grogan*, 498 U.S., at 283-84. "A final consideration supporting our conclusion that the preponderance standard is the proper one is that . . . application of that standard will permit exception from discharge of all fraud claims creditors have successfully reduced to judgment." *Id.* at 290.

Bankruptcy courts may not employ res judicata, claim preclusion, in dischargeability actions because considerations material to discharge are irrelevant to ordinary collection proceedings. Dischargeability matters require courts to consider and rule on additional elements such as whether a debt was incurred following a fraudulent representation. *See* 11 U.S.C. § 523(a)(2). State law elements and concepts are likely to differ from those adopted under federal law. The application of res judicata to dischargeability actions is thought to be improper as state court proceedings involve only the issue of liability, whether a debt exists. Dischargeability actions have a broader scope. They involve determining, for example whether a debt was incurred by fraud (section 523(a)(2)), by defalcation by a fiduciary (section 523(a)(4)), whether a debt was listed or scheduled (section 523(a)(3)) or whether a debt is a domestic support

obligation (sections 523(a)(5) and (a)(15)). However, "the narrower doctrine of collateral estoppel . . . does apply to bankruptcy cases." *Matter of Bulic*, 997 F.2d 299, 305, n. 7(7th Cir. 1993).

## V. The Parties' Statements of Material Facts

Review of MSI's Statement of Material Facts (Dkt. 37) discloses sufficient information to justify entering judgment in its favor if the facts are undisputed. The Defendants' Statement of Material Facts (Dkt. 43), has been posited jointly in most respects. The Defendants admit most of MSI's statements without qualification: Numbers 1, 2, 3, 4, 5, 8, 9, 10, 13, 16, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45 and 46. Following is analysis of the paragraphs not admitted by the Defendants.

The Defendants' ¶ 6 Response Statement includes discussion of exhibits and admits MSI's statement that it seeks an exception to discharge based on allegations of fraudulent and deceitful conduct but deny that those allegations have been fully adjudicated in the prior lawsuit because it was resolved by default, citing *Clear Channel Outdoor, Inc. v. Nikitas (In re Nikitas)*, 326 B.R. 127, 131 (Bankr. N.D. Ill. 2005). That court ruled correctly that default judgments have no collateral estoppel effect under Illinois law. Many courts have ruled, however, that collateral estoppel lies where in the prior action the default judgment was entered as a sanction for a debtor's bad faith conduct in discovery. *See Wolstein v. Docteroff (In re Docteroff)*, 133 F.3d 210, 215 (3rd Cir. 1997) ("We do not hesitate in holding that a party such as Docteroff, who deliberately prevents resolution of a lawsuit, should be deemed to have actually litigated an issue for purposes of collateral estoppel application."). The Defendants' legal argument is not a statement of disputed material fact. They have to posit an issue of disputed material fact to

6

succeed in opposing summary judgment; their Statement 6 does not do so.

The Defendants' ¶ 11 statement denies MSI's statement that in the course of its business it developed and maintained trade secrets, etc. The Defendants deny this statement of material fact and state that they are accused of secretly accessing MSI's computers and other resources to copy and steal MSI's computer files. They go on to state that Judge Selna's order granting a default judgment was not based on testimony or documents adduced at a trial and found only that MSI adequately alleges that the information Defendants acquired falls within the definition of secrets under the DTSA. The Defendants' legal argument is not a statement of disputed material fact. They have to come forward with a statement of disputed material fact; they have not done so.

The Defendants' ¶ 12 statement denies MSI's statement that it maintains a proprietary database. They go on to say that they are accused of secretly accessing MSI's computers to copy and steal its files and trade secrets. They posit that Judge Selna's order granting default judgment was not based on testimonial or documentary evidence adduced at a trial and found only that MSI adequately alleged that it maintains proprietary databases. The Defendants have not cited to a statement of dispute material fact; this legal argument fails to adequately oppose the entry of summary judgment for MSI.

The Defendants' ¶ 14 statement admits what MSI stated about taking steps to protect its trade secrets but adds that the policies in issue were not uniformly enforced. They refer to their answers. Shah's answer at Docket 15, p. 6 says what he states herein. He does not cite to facts in the record that show an issue of disputed material fact. Patel's answer can not be found on the docket; the statement says that it can be found at Docket 18; it is not there.

Like the Defendants' statement ¶ 14 response, their ¶ 15 response falls short. It admits that MSI had policies for the protection of its alleged trade secrets and that they agreed to comply with a similar policy but deny that those policies were uniformly enforced, referring to their answers; only Shah's answer can be found. They have not cited to facts in the record that show a dispute as to issues of material fact.

As to ¶¶ 17 and 18, Shah admits that he was employed at MSI during a certain period in response to MSI's statement but left out MSI's language that he resigned without notice. Patel states that he resigned without notice to go to work for Century Marble and Granite but ignores MSI's statement that he had said he was resigning to move back to India. The Defendants have not cited to facts in the record that show that an issue of material fact is in dispute.

At ¶ 19, the Defendants admit that they secured employment with Century Marble and Granite prior to departing from MSI but deny concealing any information or misleading MSI. They point to their answers, only one of which can be found. Shah's answer does not put forward facts that point to an issue of dispute as to material facts.

As to ¶ 20, the Defendants deny MSI's statement that they concealed their plans to leave so that they could secretly access MSI's computers to copy and steal its computer files and trade secrets for their own and Century's benefit. They also state that Judge Selna did not find they concealed their plans to secretly access the trade secrets but only that MSI alleged they did so wrongfully and without permission. They again raise the legal argument that the default judgment was not based on evidence and that MSI satisfied procedural requirements for default judgment. This statement is not a citation to facts in the record that show a dispute as to a material fact.

As to ¶ 21, the Defendants admit that during their employment on at least one occasion they may have inadvertently forwarded customer lists, historical date (sic) or price lists to their personal email addresses but deny that any of that information was proprietary information or trade secrets, referring to their answers, only one of which could be found on the docket. The Defendants have not put forward facts, with a citation to such in the record, that show a dispute as to any issue of material fact,

As to ¶ 22, the Defendants deny MSI's statement that the copied and stolen files include spreadsheets and other files, that Patel, on July 22, 2017, accessed and used confidential information and that he used MSI's computer system to send that information to his personal email account. They also deny that they did not have permission to do what was done. Again, the Defendants failed to cite to facts in the record to establish a dispute as to an issue of material fact.

At ¶ 23, the Defendants deny MSI's statement that on August 17, 2017, Shah copied and stolen (sic) files containing customer and pricing information. The deny that they stole any information belonging to MSI and to the extent that they may have copied any information, they deny that they did not have permission to do so. The Defendants have not come forward with facts in the record that show a dispute as to an issue of material fact.

At ¶ 24, Defendant Shah admits that he accessed MSI's Quartz price information, but that he did not do so in any manner inconsistent with the terms of his employment. The inconsistency issue was injected by Shah. In any event, he has admitted the core of MSI's statement at ¶ 24.

At ¶ 25, MSI states that Patel accessed confidential payroll information of one of MSI's employees and emailed that information from his MSI email account to his personal email

account. Patel denies this, but does not come forward with citations to facts in the record that show an issue of disputed material fact.

At ¶ 26, the Defendants deny that they retained possession of any of MSI's alleged valuable business information because the information was in electronic or digital format, which they destroyed rather than return to MSI. Again, the Defendants do not cite to facts in the record to show that there is an issue of disputed material fact regarding this matter.

At ¶¶ 47, 48 and 49, the Defendants admit MSI's version of what Judge Selna's order granting default judgment says, pointing out, however, that Judge Selna was careful to qualify the default order by stating that MSI adequately alleged requirements based on a sealed declaration, that MSI satisfied the procedural requirements for default judgment and that the Defendants failed to meaningfully participate in the litigation before him. The Defendants have failed, however, to come forward with facts that show a disputed issue of material fact.

The adversary complaints filed in 19 ap00740 and 19 ap00741 each seek to except from discharge the judgment debt owed MSI by Pramod Patel and Ankit Shah under 11 U.S.C. § 523(a)(2)(A) which excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." This section describes three separate grounds for holding a debt nondischargeable: false pretenses, false representation and actual fraud. *Schatz v. Livermore (In re Livermore)*, 2013 WL 1316549, *4 (Bankr. N.D. Ill, April 3, 2013).

Judge Selna granted MSI's request for a default judgment on November 26, 2018, finding, that the Defendants' conduct was culpable for the purposes of a motion to set aside entry

of default. He ruled that they did not act in good faith while they participated in the case before him. They did not comply with deadlines; did not file a notice of interested parties, an answer or serve discovery responses. In addition, they filed their initial disclosures three months late. He found that the Defendants had been aware of the case against them from the beginning as evidenced by their denied motion to dismiss/or transfer venue filed in March 2018. They were aware of the entry of default since June 10, 2018 when their lawyer emailed MSI's lawyer to request that MSI set aside the default. Still, they delayed filing their motion to set aside default for three months, only after learning of MSI's motion for default judgment. Judge Selna also noted that the Defendants' lawyer first stated that he represented Century Marble and Granite but when asked if he would accept service of a subpoena on behalf of Century Marble and Granite, he said "I do not represent Century Marble and Granite. Never have."

Judge Selna ruled that the Defendants did not present a "credible, good faith explanation negating any intention to take advantage of the opposing party" in reliance on *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The Judge also pointed out that the Defendants did not oppose MSI's application to enter default judgment and that the more the California case got delayed, the more time the Defendants would have to use MSI's trade secrets to unfairly compete. Judge Selna's Civil Minutes ("Minutes"), Adversary Proceeding 19-00740, Dkt. 47, Exhibit 4, p. 39.

The Defendants argued that they had a meritorious defense. Judge Selna noted that their assertion that they had permission to do what they did was insufficient to establish a meritorious defense as they did not indicate the source or extent of their permission. He even said that even if they had permission to access and retrieve information, that would not constitute a defense to

11

the receipt of stolen property, fraud or Unfair Competition Law claims.

In considering entry of default judgment, Judge Selna examined whether there was a likelihood of a dispute of material facts, as required by federal law. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). He accepted all well-plead factual allegations in the complaint as true in examining whether to grant the default judgment. *Televideo Systems, Inc, v Heidenthal*, 826 F.2d 915, 917-18 (9 Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Judge Selna discussed the strong policy of deciding cases on their merits "whenever reasonably possible." *Eitel*, 782 F.2d at 1472. He noted that a defendant's failure to appear or to meaningfully participate in litigation makes it impractical, if not impossible, to make a decision on the merits. Minutes, Docket 47, Exhibit 4, p. 54.

Assessing damages was difficult because the Defendants failed to participate in discovery. Minutes, Exhibit 4, p. 61. This is a strong reason to apply collateral estoppel. Their discovery failure was strategic; they should not be allowed to manipulate the justice system by getting a second chance to litigate the issues in this matter when their prior refusal to litigate was intentional.

Judge Selna's careful analysis is evident. He invited MSI to provide supplemental evidence of a causal link between the Defendants' conduct and the lost profits it sought to recover. MSI also submitted evidence from its customers that Shah reached out to them on Century Marble and Granite's behalf. Minutes, Exhibit 4, p. 59. He also discussed MSI's 43% drop in business following the Defendants' conduct. Minutes, Exhibit 4, p. 60.

The Defendants' statement mentions several times that Judge Selna noted that several matters had been adequately alleged in MSI's complaint. Recall, however, that all well-plead allegations in a complaint are accepted as true for purposes of entering default judgment.

## VI. Application of Collateral Estoppel

The four elements of collateral estoppel have been established. The issue previously decided by Judge Selna, fraud and deceit, is identical with the one presented in this dischargeability action. The prior action has been finally adjudicated on the merits. The parties against whom the doctrine is invoked, the Defendants, were parties in the prior action. The Defendants had a full and fair opportunity to litigate the issues in the prior action. This court finds that collateral estoappel applies. It could be superficially argued that the prior action was not adjudicated on its merits since it did not proceed to trial. However, in reality the Defendants intentionally forfeited their right to litigate the issues by abandoning the cause. *Docteroff*, 133 F.3d, at 215.

## VII. Judge Selna's Fraud or Deceit Finding

The Seventh Circuit has defined actual fraud broadly, as "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another." *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000) (internal citations omitted). That court also noted that "[f]raud is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated. *Id.*

13

The Supreme Court has broadly defined actual fraud as used in the discharge exception to include fraudulent conveyances. *Husky International v. Ritz*, 136 U.S. 1581, 1586 (2016).

Judge Selna's description of MSI's claims and his liability rulings establish that the Defendants' debts are not dischargeable. He found the Defendants liable on five grounds:

(1) Misappropriation of trade secrets for acquisition of a trade secret by a person who knows or should know the secret was improperly acquired.

(2) Violation of California Penal Code 502 because the Defendants did not have permission to obtain and use MSI's information. Liability was for logging into database with a valid password and subsequently taking, copying or using the information in the database improperly.

(3) Violation of California Penal Code 496 finding the documents on the computers may be deemed property subject to theft under section 496.

(4) Fraud and deceit because the Defendants' conduct included concealment.

(5) Violation of Uniform Competition Law, California Business & Professions Code, sections 17200, et seq., for their violations of California Penal Code sections 496 and 502. That law treats violations of other federal, state and court-made law as unlawful. *Nat'l Rural Telecom v. DIRECTV, Inc.*, 319 F.Supp.2d 1059, 1074.

The elements of actual fraud under section 523(a)(2)(A) are satisfied according to *McCllellan* standards by the fraud and deceit finding.

## VIII. Conclusion

Plaintiff MSI has met its burden to show that there are no disputed issues of material fact and that it is entitled to the entry of judgment in its favor as a matter of law.

14

The Defendants admitted many of MSI's statements of material fact. The Defendants denied and challenged other statements but did not cite to facts in the record to support those denials and challenges. Local Rule 7056-2 provides that [a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party. The Defendants have not properly controverted MSI's statements. *See Hinterberger v. City of Indiannpolis*, 2020 WL 3980690, *3 (7th Cir. July 15, 2020) (Summary judgment awarded to a defendant where the plaintiff's statement of undisputed facts consisted of improper arguments rather than materially disputed facts; the plaintiff's statement was stricken).

Based on their fraudulent and deceitful conduct, this court finds that the Defendants committed fraud and deceit by taking their employer's information and trade secrets without permission to benefit themselves and their former employer's competitor.

Summary judgment is entered in favor of Plaintiff M S International, Inc. and against Defendants Pramod Patel and Ankit Shah.

Ankit Shah's debt owed to M S International, Inc. will not be discharged.

Pramod Patel's debt owed to M S International, Inc. will not be discharged.

This Memorandum Opinion constitutes the court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. Separate orders will be entered herein.

Judge: *Jacqueline P. Cox*

Date: July 23, 2020